UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRYSTAL SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 1:23-cv-02274-RLY-MJD |
| | ) |
| AMERICAN SENIOR COMMUNITIES, LLC, | ) |
| d/b/a PARK TERRACE VILLAGE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant American Senior Communities, L.L.C. (incorrectly named as "American Senior Communities, LLC, d/b/a Park Terrace Village" in Plaintiff's Amended Complaint, hereinafter "ASC"), by counsel, respectfully moves to dismiss Plaintiff's First Amended Complaint ("Amended Complaint") [Dkt. 18] in its entirety.

## I.     INTRODUCTION

In her Amended Complaint, Plaintiff Krystal Smith ("Plaintiff") purports to assert discrimination and retaliation claims under the Americans with Disabilities Act ("ADA").[1] [Dkt. 18.] Plaintiff claims that ASC was her employer and that ASC treated her differently because of her alleged undisclosed disability, that ASC failed to provide her with reasonable

---

[1] ASC operates Park Terrace Village, a skilled nursing facility located at 25 S. Boehne Camp Road, in Evansville, Indiana. Plaintiff initiated this lawsuit against ASC, "GGNSC Evansville Brentwood LLC" and "Park Terrace Village", naming them all as her employers, after filing multiple duplicative charges of discrimination relating to her employment at the facility. GGNSC Evansville Brentwood LLC ("Brentwood") has since been dismissed by Plaintiff. And, after pointing out that "Park Terrace Village" is not a separate legal entity, and the charge of discrimination and notice of right to sue attached to the original complaint did not relate to ASC, but rather to Brentwood, Plaintiff amended her complaint to name ASC as the sole defendant and attach one of the EEOC Charges and notices of right to sue related to ASC.

accommodations, and that ASC retaliated against her for engaging in protected conduct. [Dkt. 18, ¶¶ 11, 27-33, 36-45, 48-53.] The ADA claims fail as a matter of law because they are insufficiently plead.

First and foremost, Plaintiff does not identify her alleged disability—a necessary piece of properly pleading the claims she seeks to pursue. Indeed, she does not even state what her physical or mental impairment was or what major life activity was affected, let alone explain how it was substantially impaired by her condition. Further, Plaintiff does not identify the "protected activity" in which she claims to have engaged and provides no facts that, if true, would connect her purported disability–or any purported protected activity–to any actionable adverse employment action. In short, the Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, the Amended Complaint should be dismissed in its entirety.

## II.     AMENDED COMPLAINT ALLEGATIONS[2]

Plaintiff was hired by ASC as a Licensed Practical Nurse on or about July 1, 2017. [Dkt. 18, ¶ 11.] Plaintiff has a "disability that substantially limits major life activities." [Dkt. 12.] Plaintiff can perform all essential functions of the position with reasonable accommodation. [Dkt. 18, ¶ 13.] Plaintiff is a "qualified individual with a disability" as defined by the ADA [Dkt. 18, ¶ 24]. Plaintiff does not identify her physical or mental impairment but simply alleges that ASC was aware of her disability and limitations, including that she could not stand for a "long period of time". [Dkt. 18, ¶¶ 38, 49.]

Plaintiff alleges that, on or about April 1, 2022, she notified ASC's "Human Resources Department" that "she had a flare up of her disability," and requested an accommodation to "limit

---

[2] ASC disputes the allegations and characterizations in Plaintiff's Amended Complaint; however, for purposes of this Motion only, the factual allegations are taken as true.

2

the amount that she had to stand up at a time". [Dkt. 18, ¶¶ 15-16.] Plaintiff alleges that her request was "partially met" until November 4, 2022, at which time the accommodation ended "without notice". [Dkt. 18, ¶¶ 17-18.] Plaintiff alleged that an Executive Director told her, "we will no longer accommodate you, you have to work the floor, desk jobs are no longer an option for you." [Dkt. 18, ¶ 20.] Plaintiff alleges that she was then assigned to work on the floor, "demoted" from Manager to PRN, and that her pay was reduced from $34.00 to $28.00 per hour and her holiday and vacation pay revoked. [Dkt. 18, ¶¶ 19, 21, 22.]

Plaintiff claims that ASC discriminated against her based on her purported (but undisclosed) disability [Dkt. 18, ¶ 27]; failed to accommodate her alleged disability [Dkt. 18, ¶ 36]; and retaliated against her—purportedly because she requested reasonable accommodations for her alleged, undisclosed disability [Dkt 18, ¶ 51].

### III.   STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," that gives the defendant "fair notice" of the nature of the claim "and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculation level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). As this Court explained, in the context of an ADA claim, "[t]o survive a Rule 12(b)(6) motion

3

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Mullins v. Miller*, No. 120-CV-02900-JPH-TAB, 2021 U.S. Dist. LEXIS 158686, at *3 (S.D. Ind. Aug. 23, 2021) (internal quotations omitted) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) in turn quoting *Twombly*, 550 U.S. at 570.

"A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 quoting *Twombly*, 550 U.S. at 558. Although the plaintiff need not set forth every fact that supports her claim, "naked assertions devoid of further factual enhancement" are insufficient to meet the threshold requirement of Fed. R. Civ. P. 8(a)(2) and are therefore, insufficient to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678 (internal quotations omitted) *quoting Twombly*, 550 U.S. at 557.

Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Even under the liberal notice pleading standard, to survive a motion to dismiss "the plaintiff must include 'enough details about the subject-matter of the case to present a story that holds together.'" *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The plaintiff must present sufficient facts which, if true, show that it is "plausible" -- and not just "possible" -- that she is entitled to relief. *Twombly*, 550 U.S. at 557.

## IV. LEGAL ARGUMENT

The ADA prohibits discrimination on the basis of "disability" (as the statute defines that term), requires employers to reasonably accommodate qualified individuals' disability-related limitations absent undue hardship and prohibits retaliation for engaging in activities protected by the statute. 42 U.S.C. §§ 12112; 12203. Disability discrimination includes disparate treatment and

4

failure to accommodate (not making reasonable accommodations to a qualified individual with a disability) claims. *Kupstas v. City of Greenwood,* 398 F.3d 609, 611 (7th Cir. 2005); *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005). In this case, Plaintiff is asserting both disparate treatment and failure to accommodate claims. She also asserts a claim for retaliation. As discussed below, Plaintiff has not sufficiently pled any of these claims.

      **A.**      **Plaintiff did not sufficiently plead a claim of ADA discrimination.**

At the pleading stage, a plaintiff seeking to assert a claim of disability discrimination under the ADA must allege (1) she has a disability within the meaning of the Act, (2) she is qualified to perform the essential functions of the job, either with or without reasonable accommodation, and (3) she has suffered an adverse employment action because of her disability. *Tate,* 809 F.3d at 345; *See also Arnold v. Amazon.com Inc.*, No. 4:13-CV-00168-SEB, 2014 U.S. Dist. LEXIS 102421, at *5 (S.D. Ind. July 28, 2014)(J. Barker).

      (i).      *Plaintiff has not identified her disability.*

A plaintiff advancing a claim under the ADA must first allege she has a "disability" to fall within the statute's protections. 42 U.S.C. § 12112; *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). Under the ADA, a "disability" can include having "(A) a physical or mental impairment that substantially limits one or more major life activities; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

However, a complaint that simply concludes that the plaintiff has a "disability" does not satisfy Rule 8(a)(2)'s pleading standards. To survive a motion to dismiss, an ADA "complaint must…allege 'a specific disability'…conclusory allegations that she has a disability, a record of disability, and was regarded…as having a disability is insufficient." *Compliment v. Sanofi-Aventis US, Inc.*, No. 1:16-CV-3477-WTL-DML, 2017 U.S. Dist. LEXIS 149006, at *10 (S.D. Ind. Sept.

14, 2017) (J. Lawrence) (granting motion to dismiss ADA discrimination and failure to accommodate claims because complaint lacked sufficient facts that if true, would support conclusory allegations.) "The defendant in a disability discrimination suit does not have fair notice when the plaintiff fails to identify [her] disability." *Tate*, 809 F.3d at 345. As this Court has noted, "a complaint containing only the word 'disability' generally does not provide fair notice." *Mullins*, 2021 U.S. Dist. LEXIS 158686, at *4-5 (citing *Tate,* 809 F.3d at 346).

Here, Plaintiff alleges she has a disability but does not state what her condition is, what her impairments are or how the impairments affect any major life activity—beyond the vague assertion that she sought an accommodation to "limit the amount that she had to stand up at a time". [Dkt. 18, ¶ 16.] Notwithstanding the admonition in *Mullins*, Plaintiff's Amended Complaint only contains the word "disability" and fails to provide any indication or clue that would allow ASC and this Court to infer or identify her specific disability. Furthermore, with regard to her request to limit the amount of standing, Plaintiff does not state the length of time that she could stand without a break; the length of any such break; whether such accommodations were expected to be intermittent or permanent, or even how her impairment limited the amount of time she could stand (e.g. fatigue, pain, etc.).

Plaintiff's Amended Complaint also fails to provide any facts supporting her alternate conclusions that she "has a record of disability", or that ASC "regarded her as disabled", except to allege that around April 1, 2022, she notified the "Human Resources Department" that she had a "flare up of her [undisclosed] disability" and requested an accommodation to limit the amount of time that she had to stand. Later in the Amended Complaint, as part of her failure to accommodate claim, Plaintiff also offers the conclusory assertion that ASC was "aware of the disability". Yet, she does not say what any representative of ASC allegedly did or said to lead her to conclude that

6

they regarded her as having a disability. In short, Plaintiff offers no facts at all which, if true, would permit an inference that she has a disability as defined by the ADA. Accordingly, to the extent she seeks to assert a claim for discrimination on the basis of disability, her claim fails to state a claim upon which relief can be granted and must be dismissed. *Tate,* 809 F.3d at 344-346; *Arnold,* 2014 U.S. Dist. LEXIS 102421 at *5.

> (ii). *Plaintiff has not adequately pled that she is able to perform the essential functions of her job.*

Plaintiff also fails to allege, except in a conclusory paraphrase of statutory language, that she is able to perform the essential functions of her job with or without reasonable accommodation. [*See* Dkt. 18, ¶ 13.] "Because disability, unlike race, can often be a legitimate consideration in employment decisions, a complaint alleging discrimination under the ADA must plead with adequate specificity that the plaintiff is qualified to perform the essential functions of the job with or without reasonable accommodation." *Mack v. Chi. Transit Auth.*, 2020 U.S. Dist. LEXIS 108608, *7 (Ill. N.D 2020).

Plaintiff's Amended Complaint identifies Plaintiff as a licensed practical nurse and, later, a "manager", but does not describe what responsibilities those roles entail, nor that she was able to perform the essential functions of those roles with or without accommodation. [*See* Dkt. 18, ¶¶ 11, 21.] In *Griffin-Thomas v. La Rabida Children's Hosp.*, 2022 U.S. Dist. LEXIS 5127, *9 (Ill. N.D. 2022), a case with similar conclusory allegations to this one—asserting only that plaintiff "could do the essential functions of her position, with accommodation"—the district court dismissed the ADA claim because the plaintiff offered no facts regarding her ability to perform the essential functions of her position with (or without) accommodation.

In the absence of a description of the essential functions of her job, Plaintiff cannot meaningfully articulate whether or not she is qualified to perform those functions with or without

7

reasonable accommodation. Accordingly, Plaintiff's allegations cannot satisfy the second element of a disability discrimination claim under the ADA.

        *(iii).    Plaintiff has not connected her disability to an adverse employment action.*

In addition to needing facts to support an inference that she has a disability, a plaintiff "must plead sufficient facts supporting an inference that the [defendant] discriminated against [her] 'on the basis of disability.'" *Roberts v. City of Chicago*, 817 F. 3d 561, 565 (7th Cir. 2016)(quoting 42 U.S.C. § 12112(a)). In this case, even assuming Plaintiff has plead she has a disability under the ADA (which she has not), Plaintiff must also assert facts to suggest that she suffered some actionable adverse employment action based on that disability. *See Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1061 (7th Cir. 2014); *Hedberg v. Ind. Bel Tel. Co.*, 47 F.3d 928, 932 (7th Cir. 1995).

Plaintiff alleges that she was demoted but offers no facts to connect her purported disability to her alleged demotion or any other actionable adverse employment action. In fact, the only references to the alleged "demotion" in the Amended Complaint are in Paragraph 25, where Plaintiff alleges (without any specific facts) that she was demoted "due to her disability", and Paragraph 30, where Plaintiff alleges (again without any specific facts) that the justification for her demotion was "based of [sic] Plaintiff's disability" or "on the basis of her disability", respectively. [Dkt. 18, ¶¶ 25, 30.] Once again, the Amended Complaint does not allege facts supporting the "plausibility" of Plaintiff's claims, but only impermissible conclusory allegations that she was "demoted" because of her purported disability.

Thus, even if Plaintiff had identified her specific disability, Plaintiff's claim would still fail because she has not alleged any facts which, if true, would support an inference that she suffered any actionable adverse employment action *because of* her alleged disability. Plaintiff simply has

8

not plead any disparate treatment due to a disability. As a result, Count I of Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and the Court should dismiss this claim.

### B. Plaintiff has failed to state an ADA failure to accommodate claim.

To establish a failure to accommodate claim under the ADA, Plaintiff must demonstrate that: (1) she is both qualified and has a disability; (2) the Company was aware of her disability; and (3) the Company failed to accommodate her disability. *Guzman v. Brown Cty.*, 884 F.3d 633, 642 (7th Cir. 2018). An employer's obligation to accommodate generally does not arise until the employee informs the employer of her disability and requests an accommodation. *Id.*

Plaintiff fails to allege sufficient facts to satisfy the first prong. As previously discussed, to survive a motion to dismiss, "[t]he complaint must …. allege 'a specific disability'…conclusory allegation that she has a disability, a record of disability, and was regarded…as having a disability is insufficient." *Compliment*, 2017 U.S. Dist. LEXIS 149006, at *10; *Tate*, 809 F.3d at 345. Plaintiff's Amended Complaint merely parrots the statutory language, proclaiming she "is a 'qualified individual' as defined under the ADA" [Dkt. 1 ¶ 26.] and fails to identify her specific disability. Again, she does not allege any facts as to the nature of her purported limitations except to say that "[o]n or about April 1, 2022, [she] notified the Human Resources Department that she had a flare up of her disability" and sought "to limit the amount that she had to stand up at a time." [Dkt. 18 ¶¶ 15-16.] In Count III of the Amended Complaint, Plaintiff similarly alleges that she "requested reasonable accommodations that she not have to stand for [sic] long period of time." [Dkt. 18, ¶ 49.]

Even accepted as true, as they must be for purposes of this motion, Plaintiff's allegations are impermissibly vague to provide ASC the requisite "fair notice" as to the nature of the claims

9

they face as Rule 8(a) demands. *Twombly,* 550 U.S. at 555. She does not say what functions of the licensed professional nurse role she is unable to perform without accommodation, or what it is about her unnamed impairment that prevents her from performing those tasks. Although she states that she sought to limit her time standing, she makes no effort to connect this limitation to either her undisclosed disability or her job duties, nor does she indicate whether some other accommodation would have allowed her to perform the essential functions of her job. In fact, she does not provide any facts at all to connect her purported disability to the licensed practical nurse position. Thus, the factual allegations set forth in the Amended Complaint are too vague to state an ADA failure to accommodate claim. *Id.*

In Count II of the Amended Complaint, Plaintiff also alleges that ASC "failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations." [Dkt. 18, ¶ 39.] As the Seventh Circuit explained in *Spurling*, 739 F.3d at 1059 fn. 1:

> Failure of the interactive process is not an independent basis for liability under the ADA. *Ozlowski v. Henderson*, 237 F.3d 837, 840 (7th Cir. 2001). An employee must still show that she is a "qualified individual with a disability" and that a reasonable accommodation would have allowed her to perform the essential functions of her job. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 563 (7th Cir. 1996). Thus, "a plaintiff must allege that the employer's failure to engage in an interactive process resulted in a failure to identify an appropriate accommodation for the qualified individual." *Rehling v. City of Chi.*, 207 F.3d 1009, 1016 (7th Cir. 2000).

While Plaintiff alleges that "[a]s a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits, and has suffered and continues to suffer [additional categories of damages]", nowhere does Plaintiff describe the actual causal relationship behind her conclusory restatements of the elements of a failure to accommodate claim. Plaintiff failed to properly plead that she has a disability in the

Amended Complaint and, putting her conclusory allegations aside, Plaintiff offers no facts to support an inference that any purported failure on ASC's part to engage in an interactive process actually resulted in the failure to identify an appropriate accommodation. Count II of Plaintiff's Amended Complaint consists entirely of conclusory statements that merely parrot the relevant standards and lacks any specific details in support of the overarching allegations. Accordingly, Count II of Plaintiff's Amended Complaint fails to state a claim for failure to accommodate and the Court should dismiss this claim.

### C. Plaintiff's retaliation claim fails as matter of law.

For similar reasons as the rest of her ADA claims, Plaintiff's retaliation claim should be dismissed. Plaintiff did not plead sufficient facts to support a claim of ADA retaliation. To establish a retaliation claim, Plaintiff must show that she engaged in protected activity, that she suffered an adverse action, and that there was a causal connection between the two. *Sanders v. Illinois Dep't of Cent. Mgmt. Servs.,* 593 Fed. Appx. 575, 577 (7th Cir. 2015). At the pleading stage, Plaintiff must allege enough facts to make out a plausible retaliation claim. In other words, she must allege *facts* that if true, raise a plausible inference that she suffered some other actionable adverse employment action *because* she engaged in some conduct the ADA protects. *Id. See also Carlson*, 758 F.3d at 828. To survive a motion to dismiss, Plaintiff "must provide some specific description of [the protected conduct] beyond the mere fact that it is protected." *Concentra Health Servs., Inc.*, 496 F.3d at 781 (citing *Kyle v. Morton High Sch.*, 144 F.3d 448, 454 (7th Cir. 1998)).

Plaintiff does not allege that she complained of discrimination during her employment. Rather, she is basing her claim on her request for an accommodation (to not have to stand for a long period of time). [Dkt. 18, ¶¶ 49-50.] She alleges that she "suffered an adverse employment action in retaliation for engaging in protected activity" [Dkt. 18, ¶52], but again offers no *facts* that

11

raise a plausible inference that she suffered an actionable adverse employment action *because* of her request. A retaliation claim, "must at least put the defendants on notice that some specific speech or conduct by the plaintiff led to the [adverse action]." *Id.* In Count III, Plaintiff does not identify the adverse action that she claims to have suffered as a result of requesting an accommodation for her purported disability. Assuming she is referring to the alleged changes to her role, pay, and working conditions (i.e. from a desk job to a floor job) [see Dkt. 18, ¶¶ 19, 21-23], Plaintiff's own allegations refute her retaliation claim. Plaintiff asserts her "demotion" was based upon her disability, <u>not</u> because of her request for accommodation. [Dkt. 18, ¶¶ 25, 30.]

Moreover, Plaintiff does not plead any *facts* connecting any protected activity to any actionable adverse action. This failure is fatal to her claim. *See Bartels v. Jewel Food Stores*, *Inc.*, No. 18-CV-04464, 2020 U.S. Dist. LEXIS 31674, at *13 (N.D. Ill, Feb. 25, 2020). Although she need not allege the requisite causal connection specifically, to survive a motion to dismiss, Plaintiff must plead facts, which if true, would raise a plausible inference that she suffered an adverse action because of some protected activity. *Id.* (dismissing plaintiff's ADA retaliation claim because plaintiff failed to allege any details of his complaints or the effects of his having made them). The statement Plaintiff attributes to the Executive Director, if accurate and intended to demonstrate a connection between an adverse employment action and protected activity, entirely lacks sufficient context to connect Plaintiff's alleged request for accommodation to the her demotion. [See Dkt. 18, ¶20]. Indeed, Plaintiff does not provide a single detail about her interaction with the Executive Director, apart from the attributed quote.

Furthermore, Plaintiff admits that her "request for accommodation was partially met until November 4, 2022." She does not indicate whether the term "partially" refers to the nature of the accommodation she purportedly received until November 4, 2022, or whether it refers to the

12

allegation that the accommodation was discontinued after November 4, 2022. More importantly, the allegation that ASC accommodated her request for accommodation, initially, undercuts her claim that she suffered adverse action because of the request. In fact, Plaintiff does not allege a single fact that would allow the Court to plausibly infer that the Company discontinued an accommodation because she engaged in protected activity. As with the other counts, Plaintiff's "facts" supporting her assertion that she suffered an adverse employment action because she engaged in statutorily protected activity are impermissibly vague and do not provide ASC the requisite "fair notice" that Rule 8(a) demands. *Twombly,* 550 U.S. at 555; s*ee also, Concentra Health Servs., Inc.*, 496 F.3d at 781 (stating that "additional details of [employee's] actions are critically important to the case" and failure to provide those doomed her retaliation claim).

Because Plaintiff did not plead sufficient facts to support her ADA retaliation claim, she fails to state a claim upon which relief can be granted and the Court should dismiss her retaliation claim.

## V. CONCLUSION

ASC does not seek to impose upon Plaintiff a heightened pleading standard. Rather, consistent with Rule 8, ASC asks that Plaintiff plead the "clearly important facts" underpinning her belief that her employer acted unlawfully – facts which should be "easily provided." *Concentra Health Servs., Inc.* at 782. Plaintiff's Amended Complaint fails to set forth sufficient facts which, if true, plausibly show that Plaintiff is entitled to any relief under the ADA. For all the foregoing reasons, Plaintiff's Amended Complaint should be dismissed in its entirety.

Respectfully submitted,

*/s/ R. Daniel Faust*
Debra A. Mastrian (17863-30)
R. Daniel Faust (28556-53)
Amundsen Davis LLC
201 N. Illinois Street, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 464-4100
E-mail: dmastrian@amundsendavislaw.com
　　　　dfaust@amundsendavislaw.com

Attorneys for Defendant American Senior Communities, L.L.C.

14

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 28, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served the same upon the following counsel of record using the CM/ECF:

Alexander J. Taylor, Esq.
Nathan C. Volheim
SULAIMAN LAW GROUP, LTD
ataylor@sulaimanlaw.com
nvolheim@sulaimanlaw.com

                                                      */s/ R. Daniel Faust*
                                                      R. Daniel Faust